**Marion DAVIS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3208.

United States Court of Appeals, Federal Circuit.

Oct. 5, 2001.

Before MAYER, Chief Judge,
NEWMAN and BRYSON, Circuit Judges.

NEWMAN, Circuit Judge.

Marion Davis petitions for review of the decision of the Merit Systems Protection Board, Docket No. NY0831000260–I–1, affirming the reconsideration decision of the Office of Personnel Management ("OPM") that she is not entitled to a survivor annuity based upon the federal employment of her former husband, Emmanuel Davis, Jr.. We *affirm* the decision of the Board.

## BACKGROUND

Petitioner and Mr. Davis were married in 1956 and divorced in 1978. Mr. Davis retired from his position with the U.S. Postal Service in 1988. In his Application for Immediate Retirement, Mr. Davis declined to provide a survivor annuity for either Petitioner or his then current wife by electing to receive a reduced annuity during his lifetime. Instead, Mr. Davis elected to receive the full amount of his annuity, with no provision for survivor benefits. Mr. Davis died in 1998. Petitioner applied for survivor benefits in 1999. OPM denied the application, indicating that Mr. Davis had failed to elect to provide a survivor benefit when he retired and explaining that no other provision of law entitled Petitioner to such benefits. When OPM reached the same conclusion upon reconsideration, Petitioner appealed to the Board.

In its Initial decision, the Board observed that it was undisputed that Mr. Davis had not elected to provide a survivor annuity when he retired. The Board also observed that Petitioner was not entitled to an annuity under the Civil Service Retirement Spouse Equity Act, because she had not applied for benefits before the statutory deadline of May 8, 1989. Finally, the Board noted that at the time of their divorce, there was no provision in the federal employment laws that entitled Petitioner to a portion of her ex-husband's retirement benefits based upon the divorce decree. The Board affirmed the OPM decision and this petition followed.

## DISCUSSION

Petitioner points to no legal or factual error in the Board's, or OPM's, analysis. Rather she informs us of the reasons she believes she is entitled to a survivor annuity, such as the length of the marriage, the support she provided her husband through its duration, the fact that he abandoned her, and her current medical problems and expenses. However, it is well established that OPM may only disburse federal monies when such disbursement is authorized by statute or regulation. No matter how desperately Petitioner needs a survivor annuity, nor how much she deserves one, unless she satisfies the statutory and regulatory requirements for a survivor annuity OPM is powerless to provide one.

OPM and the Board carefully analyzed Petitioner's possible entitlement to a survivor annuity and concluded that she was not so entitled. She has demonstrated no error in the Board's analysis, which must therefore be affirmed.